## Naugle v. Vaux, Secretary of Health

*Henry E. Harner*, for complainant.

*T. McKeen Chidsey*, Attorney General, and *Francis F. Gafford*, Deputy Attorney General, for respondent.

WOODSIDE, J., April 18, 1949.—This comes before us on preliminary objections to the bill of plaintiff to restrain the Secretary of Health from proceeding under a contract entered into by him on behalf of the Commonwealth with National X-Ray Surveys, Inc., by which the corporation is to furnish equipment supplies and skilled personnel to make chest radiographs.

It is contended by the Attorney General that the bill is defective because it does not allege in what respect plaintiff is a taxpayer of the Commonwealth nor that he has any interest in the funds to be expended

nor that he will sustain any pecuniary loss or injury nor that *his* tax money will be improperly expended.

The bill alleges that "plaintiff is a citizen, resident and taxpayer of the Commonwealth of Pennsylvania, residing in Conyngham, Luzerne County, and brings this bill in his own behalf and on behalf of all other taxpayers in the Commonwealth who may desire to join with him".

It is an almost universal rule that a taxpayer may maintain a bill in equity to enjoin the wrongful expenditure or diversion of public funds, where such funds were raised by taxation: 131 A. L. R. 1230.

Under the general doctrine of the immunity of States from suit without antecedent consent, it is held in some States that a proceeding by a taxpayer to restrain an alleged unwarranted action of public officials cannot be maintained if the State itself is a necessary or proper party defendant and this is so although the State is not a party to the record: 52 Am. Jur. §6. In Pennsylvania, however, this has never been the law, and no distinction is made between the rights of a taxpayer of a county or municipality and the taxpayer of the Commonwealth to maintain an action against the political unit to which he pays taxes.

Pennsylvania courts have quoted cases holding that the taxpayer of a municipality had a right to maintain a bill against a municipality, as authority for the right of a taxpayer of the Commonwealth to maintain a bill against the Commonwealth and vice versa. See Page v. King, 285 Pa. 153, 156 (1926), an action against a State official quoting as authority Frame v. Felix, 167 Pa. 47, 49 (1895), which was an action against a city official and which had quoted as its authority among others the case of Mott v. Pennsylvania R. R. Co., 30 Pa. 9 (1858), involving a bill against a State official.

Plaintiff's right to bring this action is based not upon the ground that he is a citizen or an inhabitant or an

elector but upon the ground that his pecuniary interests have been invaded: Wolff Chemical Co. v. Philadelphia, 217 Pa. 215, 218 (1907). The special injury to plaintiff's interest as a taxpayer has long been recognized as the only thing which gives him standing to bring the action: Frame v. Felix et al., supra; Downing v. Erie City School District et al., 360 Pa. 29, 35 (1948) ; 8 Standard Pa. Practice 384. As stated in Zuckerman v. Finley et al., 72 Pitts. L. J. 385, 386 (1924) :

"Every citizen has an interest in the proper conduct of government but that does not mean that he can maintain a bill about any and every subject to correct what he may think is wrong."

In Constitution Defense League v. Baldwin et al., 42 Dauph. 357, 359 (1936), this court, speaking through Judge Wickersham, said: "This is a taxpayer's bill and the plaintiff's right to prosecute this suit depends entirely on whether it is a bona fide taxpayer."

Although in the earlier cases the expenditures or the proposed actions of officials sought to be restrained, were of such magnitude that the effect upon the taxpayers in plaintiff's class was quite evident and their "burden . . . necessarily . . . increased," nevertheless it is now settled that when the taxpayer's right to sue is recognized, the court will not stop to inquire whether his individual loss is great or small. Among the earlier cases referred to are Sharpless v. Mayor of Philadelphia, 21 Pa. 147 (1853) ; Moers v. City of Reading, 21 Pa. 188 (1853) ; Mott v. Pennsylvania R. R., supra. For statement of the present law see Page v. King, 28 Dauphin 368, 375 (1925), affirmed in 285 Pa. 153 (1926), and Harris v. Philadelphia et al., 299 Pa. 473, 481 (1930).

Not having alleged any other special interest except as taxpayer it is clear from the above that in order for

the plaintiff in this case to have a right to maintain this bill he must be a "taxpayer".

What then is meant by a "taxpayer" as here used?

Obviously the fact that a person pays taxes to the Commonwealth would not permit him to maintain a bill to restrain a city official from expending funds raised by the taxation of the city, nor would the fact that one pays taxes to a municipality enable him to maintain a bill against the Commonwealth or one of its officials from spending Commonwealth funds.

But is it sufficient for plaintiff in a bill to allege, as here, that he is a "taxpayer of the Commonwealth of Pennsylvania" and that "the act sought to be restrained will unnecessarily increase the cost of such work to the Commonwealth and that . . . (he) as a taxpayer of the Commonwealth of Pennsylvania will be irreparably injured and damaged by the wasteful expenditure of public funds?"

We have seen that as a citizen, elector or inhabitant plaintiff has no right to maintain this bill. If it is his interest in the fund to be expended, and that alone, which gives plaintiff standing to maintain the bill, must he not then allege in the bill that he is a taxpayer to the particular fund the expenditure of which he seeks to restrain? We think he must.

In addition to the general fund into which most taxes are paid and from which most appropriations are made, the Commonwealth has many other funds used exclusively for particular purposes.

Among the "operating funds" there are the motor license fund, State farm products show fund, banking fund, forest and waters fund, fish fund, game fund, milk control fund, vocational rehabilitation fund and social security fund.[1] Some of these funds are raised by special taxes such as "gasoline taxes" which go into the motor license fund. Others, such as the game and

---

[1] There are also about 30 "Custodial Special Funds".

fish funds, are raised by license fees, and others, such as the social security fund are received entirely from the Federal Government for expenditure in certain specified ways.

Obviously a taxpayer cannot acquire the type of interest in one of these funds which would enable him to maintain an action to restrain its alleged unlawful expenditure by being a taxpayer to one of the other funds. To maintain a taxpayer's suit, he must be a taxpayer to the fund proposed to be expended.

The precise question presented here has never before been raised in Pennsylvania. This court has entertained a number of taxpayers' bills and the practice has not been uniform, some plaintiffs specifying the particular fund into which they paid tax and some not. See Shireman v. Scott et al., 53 Dauph. 19 (1942), where plaintiff attempted to restrain an expenditure from the motor license fund and the only allegation in the bill was that plaintiff was a "citizen and taxpayer of the Commonwealth of Pennsylvania". See also Peoples Bridge Co. of Harrisburg v. Shroyer, 355 Pa. 599 (1947), where an effort was made to restrain an expenditure from the motor fund and in which the bill set forth that plaintiff was "a taxpayer of and to the Commonwealth of Pennsylvania, and particularly to the motor license fund of the Commonwealth of Pennsylvania."

It does not appear in the pleadings of this case from where the funds come which are to be expended for the X-rays. In argument it was suggested by the Commonwealth that all of the money to be expended comes from the Federal Government and not from taxes raised by the Commonwealth. Whether a taxpayer's bill can be maintained to restrain alleged unlawful expenditure by a State official of funds received entirely from the Federal Government is a question, which as far as we have been able to find, has never been raised

in Pennsylvania. The general rule is that no taxpayer's bill can be maintained to restrain the expenditure of such funds. See 131 A. L. R. 1232, and cases there cited. But as there is nothing in the record to indicate that the funds proposed to be expended are Federal funds, we shall not pass upon that question.

We might here note, however, that the Federal rule concerning the right of a taxpayer to apply to the courts of equity differs from that of this Commonwealth.

In Massachusetts v. Mellon, 262 U. S. 447, 487 (1922), the Supreme Court of the United States, in dismissing a taxpayer's bill, said:

"But the relation of a taxpayer of the United States to the Federal Government is very different. His interest in the moneys of the Treasury—partly realized from taxation and partly from other sources—is shared with millions of others; is comparatively minute and indeterminable; and the effect upon future taxation, of any payment out of the funds, so remote, fluctuating and uncertain, that no basis is afforded for an appeal to the preventive powers of a court of equity."

Since a plaintiff's right to maintain a taxpayer's bill "depends entirely on whether he is a bona fide taxpayer" and rests solely upon "the ground that his pecuniary interest has been invaded," it must follow that he must be a taxpayer to the particular fund from which the alleged unlawful expenditure is to be made. As this is necessary to his right to maintain the bill he must allege it in the bill. See Equity Rule 34; Goslin, Admr., v. Edmunds, 325 Pa. 154, 159 (1937) ; Watkins and Miller v. Watkins et ux., 101 Pa. Superior Ct. 426, 429 (1931). Not having done so, the preliminary objections to the bill must be sustained.

The objection to the name of defendant is sustained but the bill may, of course, be amended to correct the

name of the Secretary of Health, erroneously set forth as W. Norris Vaux, to Norris W. Vaux.

And now, to wit, April 18, 1949, the preliminary objections to the bill are sustained and the bill dismissed unless within 20 days plaintiff amends the same to meet the requirements set forth in this opinion.